No. 27,456.

ANTHONY WALTON, *Appellee*, v. ORA WALTON, *Appellant*.

(260 Pac. 622.)

SYLLABUS BY THE COURT.

DIVORCE—*Disposition of Property—Crediting Misappropriated Property on Alimony Award.* In a decree granting plaintiff a divorce from his wife, certain property was given to plaintiff and a money award made to defendant. No appeal was taken from the judgment. Later the defendant took and misappropriated personal property which had been awarded to plaintiff. Later, on a motion, the court ordered that she return the property within a specified time, and in the event she did not the value of the property, which was determined, would be credited on the award of alimony which plaintiff was required to pay to her. *Held,* the evidence sustains the findings of the court, and that no error was committed in its judgment.

Appeal from Wyandotte district court, division No. 4; CHARLES A. MILLER, judge. Opinion filed November 5, 1927. Affirmed.

*A. J. Herrod,* of Kansas City, for the appellant.
*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action for divorce brought by the plaintiff, Anthony Walton, against his wife, Ora Walton, the court granted him a divorce and adjudged that a parcel of real estate owned by the parties be set off to him free and clear of any claims of the defendant, and that all household goods and some other personal property located in the home, should be awarded to him except the sum of $282 which he had on deposit in a bank. In the decree it was adjudged that he should pay the defendant permanent alimony in the sum of $650, and further that she be given the bank deposit of $282, free and clear of any lien or claim of the plaintiff, and that he should pay the costs. Some time later the plaintiff moved the court for an order awarding him credit on the alimony which he was adjudged to pay for the value of certain personal property and household furniture taken by the defendant, and which the court had awarded to plaintiff, and that he be credited with the value of the property so misappropriated on the alimony he had been adjudged to pay. On this motion testimony was produced by the parties,

Divorce, 19 C. J. p. 337 n. 93 new.

Walton v. Walton.

the defendant claiming to own the property, insisting that it was not property adjudged to plaintiff, nor community property, but was her sole and separate property. Upon the testimony the court at the end of the hearing sustained the plaintiff's motion, ordering that the defendant be given ten days from the date of the order to return to the plaintiff certain articles of personal property taken and appropriated by the defendant, and directed that if she failed and neglected to return the articles within ten days, the plaintiff should be credited with the value of the same, to wit: $283.75, upon the award of alimony, and the judgment for alimony should to that extent be regarded as satisfied.

From this order an appeal was taken by the defendant, and there is added to it an assignment of error on the award to the plaintiff of the real estate.

First, it may be said that there is no merit in the complaint as to the division of property or award of alimony made in the divorce action. The defendant has never appealed from that judgment, and the time in which an appeal can be taken has passed. Neither has any modification of the judgment been made. The action of the court upon the plaintiff's motion cannot be regarded as a modification of the decree originally entered, but was for the purpose of carrying out the provisions of that decree. It was no more than crediting upon the award of alimony named in the decree the property set off to plaintiff under the decree and which the defendant had misappropriated and placed beyond his reach. She is given the option of returning the property misappropriated or of having its value credited upon the alimony awarded to her. The evidence in the case is deemed sufficient to show that the property in question was awarded to plaintiff, and to establish the value placed upon it by the court. The award to her of $650 as alimony is reduced or abated to the extent of the value of the property misappropriated, and of this she has no reason to complain. If she chooses to return the property she will receive all of the award.

None of the contentions of the defendant approach a ground of reversal.

The judgment is affirmed.